IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00076-MR

| | |
|---|---|
| OSCAR PEREZ, ) | |
| Plaintiff, ) | |
| vs. ) | |
| FNU HUNEYCUTT, et al., ) | **ORDER** |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. Also pending is the Plaintiff's Motion Requesting Class Action Certification [Doc. 7].

**I. BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution, where he is presently incarcerated. [Doc. 1]. He names as Defendants: FNU Huneycutt, the warden; FNU Dye and FNU Duncan, assistant wardens; and John Doe, the captain of Green Unit. [Id. at 1]. He alleges that the Defendants were deliberately indifferent to his need to exercise, which they denied him without due process and, as a result he has gained 12-15 pounds; he developed high blood pressure and high

cholesterol; he has experienced increased anxiety and depression; he has constant headaches; and his life expectancy has decreased. [Id. at 3, 7-8]. He seeks compensatory, nominal and punitive damages, a declaratory judgment, injunctive relief, and a jury trial. [Id. at 9].

The Plaintiff has also filed a Motion asking the Court to certify as a class "all inmates confined at Alexander Correctional Institution, past, current, and future, who have a mental health Code 3 diagnosis, high blood pressure, high cholesterol, overweight, diabetes, and cardiac issues." [Doc. 7 at 1].

## II. STANDARD OF REVIEW

Despite the Plaintiff's payment of the filing fee, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Conditions of Confinement

The Plaintiff claims that Defendant Huneycutt made a "direct order" not to allow outdoor exercise; that Defendants Dye and Duncan made decisions about inmates' exercise schedule, which was very restricted; that Duncan reviewed grievances "about inmates not being given the opportunity to properly exercise," and failed to correct the situation; and that Defendant John Doe would have known that inmates were not given the opportunity to exercise had he reviewed video and logs. [Doc. 1 at 3-5]. As a result of the foregoing, the Plaintiff claims that he was only able to exercise for 10-15 hours during all of 2021, and that his ability to exercise improved somewhat in 2022 but is still very limited. [Id. at 3-6]. He claims that his physical and

mental health have deteriorated as a result of the Defendants' deliberate indifference. [Id. at 7-9].

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). Further, a plaintiff must allege and prove facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs. of NY, 436 U.S. 658, 694

4

(1978). However, a supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between his inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

Taking the Plaintiff's allegations as true for the purposes of initial review and drawing all reasonable inferences in his favor, the Plaintiff has made sufficient allegations to allow a claim against Defendants Huneycutt, Dye, and Duncan for exposing him to unconstitutional conditions of confinement to proceed to discovery. However, the Plaintiff's claim against Defendants John Doe appears to be based on respondeat superior and is dismissed.

**B.    Deliberate Indifference to a Serious Medical Need**

The Plaintiff claims that the Defendants are deliberately indifferent to his serious mental health and medical needs by restricting his movement, exercise, and outdoor recreation. [Doc. 1 at 3]. He claims that he is a Code 3 mental health inmate who takes medication, and that the conditions at Alexander CI have increased his anxiety and depression. [Id. at 6]. He

5

further claims that the inability to exercise has caused him to gain weight, that he now has high cholesterol and blood pressure, that he experiences daily headaches, and that all this has decreased his life expectancy. According to the Plaintiff, the Defendants "are aware that they have a very high percentage of mental health inmates and chronic ill inmates at the facility." [Id. at 6].

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A serious psychological impairment can qualify as [a serious] medical need." Buffington v. Baltimore Cnty., Md., 913 F.2d 113, 120 (4th Cir. 1990). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the

6

conscience or to be intolerable to fundamental fairness." <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990). To establish a deliberate indifference claim against non-medical personnel, a prisoner must show that the non-medical personnel failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to prison physicians' misconduct. <u>Miltier</u>, 896 F.2d at 854. Moreover, because most prison officials are not trained medical personnel, they are entitled to rely on the opinions, judgment, and expertise of medical personnel concerning the course of treatment that the medical personnel deem necessary and appropriate for the prisoner. <u>Id.</u>

The Plaintiff has failed to adequately allege that the Defendants, who are all non-medical personnel, were subjectively aware of the Plaintiff's serious mental health and/or physical health need to which they were deliberately indifferent. Therefore, this claim will be dismissed without prejudice.

**C. Due Process**

The Plaintiff claims that the Defendants violated his constitutional rights "[b]y creating practices that deprived the Plaintiff of life expectancy without due process." [Doc. 1 at 3].

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).

Assuming *arguendo* that the conditions at issue are adequately harsh and atypical, the Plaintiff has failed to adequately allege that a law or procedure created a liberty interest in their avoidance, or that any Defendant failed to provide him with the required process before those conditions were imposed. See Prieto v. Clarke, 780 F.3d 245, 251 (4th Cir. 2015) ("harsh and atypical confinement conditions in and of themselves [do not] give rise to a

8

Case 5:22-cv-00076-MR   Document 12   Filed 08/16/22   Page 8 of 11

liberty interest in their avoidance"). Therefore, the Plaintiff's due process claim is dismissed without prejudice.

**D.     Motion for Class Certification**

Finally, the Plaintiff has filed a Motion asking the Court to certify a class of past, present, and future inmates at Alexander CI. [Doc. 7].

As a pro se inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court. The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Accordingly, his Motion asking the Court to certify a class is denied.[1]

---

[1] For this reason, too, the allegations in the Complaint that refer to inmates other than the Plaintiff are dismissed. [See, e.g., Doc. 1 at 6 (referring to other inmates' health needs and suicidal thoughts)].

9

## IV. CONCLUSION

In sum, the Plaintiff's § 1983 claims against Defendants Huneycutt, Dye, and Duncan for subjecting him to inhumane conditions of confinement have passed initial review. The remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only on the claims described in this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] passes initial review against Defendants Huneycutt, Dye, and Duncan for subjecting the Plaintiff to inhumane conditions of confinement.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, the matter will proceed only on the claims as set forth in this Order.

4. The Plaintiff's Motion Requesting Class Action Certification [Doc. 7] is **DENIED**.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: August 16, 2022

Martin Reidinger
Chief United States District Judge