UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

OSCAR PEREZ #1637767,
    Plaintiff,

v.

Warden Honeycutt      No. 5:22-CV-00076-MR

Deputy Warden Dye,

Deputy Warden Duncan

Green Unit Manager, Mr. Daves

# AMENDED CIVIL RIGHTS COMPLAINT

I. Parties

A. Plaintiff: Oscar Perez #1637767
    Alexander Correctional Institution
    633 Old Landfill Rd.
    Taylorsville, NC. 28681

B. Defendants: Warden Honeycutt
    Deputy Warden Dye
    Deputy Warden Duncan
    Green Unit Manager Daves
    Alexander Correctional Institution
    633 Old Landfill Rd.
    Taylorsville, NC. 28681

1

## II. JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331. Jurisdiction also exist in the United States District Court For The Western District of North Carolina, because the Defendants violated the Plaintiffs Constitutional rights while acting under color of state law. At Alexander Correctional Institution. Which is located in Taylorsville, North Carolina, Alexander County. In the physical Jurisdiction of the Western District of North Carolina.

## III. BASIS OF CLAIMS

Complaint under the Civil Rights Act 42 U.S.C § 1983 (State, County or Municipal Defendants).

## IV. EXHAUSTION OF REMEDIES

The Plaintiff has exhausted his North Carolina Department of Public Safety Administrative Remedies as Pre required by the PLRA for this Cause of Action. The final step of the administrative remedies was completed on December 14, 2021. # 4870-2021-KPODA-16885

## V. CAUSE OF ACTION

Count 1: All named Defendants violated the Plaintiffs Eighth Amendment Constitutional right to be free from cruel and unusual punishment. By depriving the Plaintiff of reasonable amount of exercise for extended periods of time. And being deliberate indifferent to the Plaintiffs serious medical conditions. And the negative physical and mental health effects

2

their actions, policies, practices created on the Plaintiff. The Defendants where acting under color of state law when they violated the Plaintiffs Constitutional rights.

## VI. STATEMENT OF THE FACTS

1) Warden Honeycutt is encharge of all actions that deal with the operation of Alexander Correctional Institution. And it has been his direct order not to allow outdoor exercise. Even when there was outdoor exercise allowed. He did not make sure inmates where given the opportunity to exercise as scheduled.

2) Both Deputy Wardens Dye and Duncan also forsaw the operation of Alexander Correctional Institution even before Warden Honeycutt in 2020-2022. They made direct decisions on the exercise schedule for inmates and had a duty to insure the exercise schedule was followed. Mr. Duncan actually reviewed level 2 grievances about inmates not being given the opportunity to properly exercise and yet did not alleviate the situation.

3) Green Unit Manager Daves is encharged of insuring custody staff are providing opportunities to exercise. Mr. Daves is also the level 1 recipient of Green Unit Grievances. He personally received grievances of inmates not receiving proper opportunities to exercise. Yet also did not fix the problem.

3

4) It is the duty of all Defendants to maintain humane conditions of confinement. It is well understood that some form of regular outdoor exercise is extremely important to they psychological and physical well being of inmates.

5) North Carolina Department of public safety Policy states that inmates should have an opportunity for regular exercise out of their cells primarely.

6) For the whole year of 2021 the Plaintiff was only allowed to get about 10-15 hours of exercis in Green Unit. And that's a generous estemate.

7) During this period the Plaintiff would be given indoor recreation in Green Unit. However the Unit made inmates sign a document stating. That there would be no walking, standing, exercising or moving during that period of indoor recreation. The Plaintiff had to be sitting at all times or be subjected to disciplinary action. Other inmates where sprayed for walking around with pepper spray.

8) Till the time of Plaintiffs First Complaint inmates spent 22½ hours a day locked down in their cells, in Green Unit from 5 to 3 days a week. During that period the Plaintiff was stationary. The facility was ran like a giant solitary confinement unit.

4

9) In 2021 a schedule was posted for outdoor recreation/exercise. Which if followed would allow the Plaintiff exercise 3 times per week. But this schedule generally was not followed and outdoor exercise would not happen.

10) The cells in Alexander Correctional Institution are small and allow for limited activity inside. Even if the Plaintiff attempted to exercise in his cell. He would have to choose between exercise and his hygene.

11) In all of 2021 there was zero exercise indoors in the Green unit dayrooms.

12) The last time the Plaintiff could remember the Unit provided outdoor activity was in an isolated instance in maybe September-October 2021.

13) In late 2021 Mr. Honeycutt was hired as warden and he made a mandate that there would be zero outdoor activity.

14) Eventually in 1-14-2022 the Plaintiff was allowed to exercise indoors during his dayroom time in the dayroom. But exercise is still limited due to safety as a dayroom was not designed for exercise. This opportunites where offered 4-5 times a week. The Plaintiff works in the kitchen and dayroom would be conducted when he was at work. So the Plaintiffs exercise opportunities where reduced to 2-3 times per week.

5

15) Alexander Corr. Institution is one of four or five close custody facilities that is designated to hold mental health level 3 inmates that take psychotropic medications such as the Plaintiff does. Due to that designation the Defendants are aware they have a very high percentage of mental health inmates and chronic ill inmates at the facility.

## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL ISSUES

16) During the Plaintiffs medical appointments medical staff would tell the Plaintiff he had to exercise and diet to keep his high blood pressure, high cholesterol, and weight gain down.

17) During the Plaintiffs encounters with his psychologist the Plaintiff was told to exercise to keep his anxiety and depression down. The Plaintiff told his psychologist he couldn't. His psychologist told him it was a custody issue that he had no input on exercise nor was he asked about adverse effect of no outdoor activity or exercise.

18) While the Defendants are not medical personel. The effects of long term deprivation of exercise is so obvious even a lay person would understand the risk they where subjecting the Plaintiff to.

19) If the Defendants ever had an encounter directly or indirectly with

6

high blood pressure, high cholesterol, weight gain they understood exercise is necessary to stay healthy.

20) The Defendants personally knew about the Plaintiffs health issues because he communicated them in his grievances they received. At the end they had the power to provide exercise and outdoor activity. Medical nor Mental health staff had no power to provide exercise.

21) The Plaintiff requested alternatives the Defendants had to provide exercise for 2021. Like the indoor GYM or some exercise in the dayroom. But the Defendants refused.

22) It is a basic understanding that exercise and outdoor exercise is a basic human need to maintain good physical and mental well being.

23) The Plaintiff has studies that show lack of exercise, outdoor activity, constant exposure to recycled air, or lack of sun light have negative adverse health effects.

24) As a result of the Deffendants Policies/Practices the Plaintiff has gained 12-16 pounds, developed high blood pressure, high cholesterol, and suffers from constant head and back aches. The conditions the Plaintiff now has where developed since being housed at Alexander CI. The Plaintiff did not have those health issues before.

7

25) North Carolina DPS has policies that insure daily exercise for inmates. The Defendants are not following those policies.

26) During the covid pandemic the Defendants justified their extreme mobility restrictions on covid 19. Now that the pandemic has been drastically controlled and most inmates are vaccinated. The Defendants are taking advantage of discretions given for a situation that doesn't exist anymore.

27) The Defendants are deliberate indifferent to the Plaintiffs health by not asking or consulting with medical or mental health staff about the negative effects of long term outdoor and exercise deprivation.

28) Even if they did consult with mental or medical staff, about such effects. They are still deliberate indifferent to the Plaintiffs serious medical conditions. By still applying their policies and practices after having knowledge of health issues created as a result.

29) Over all the Defendants are creating less work for their staff. As to not need to perform outdoor exercise, for inmates. But the Defendants have a duty to maintain humane conditions of confinement the the Plaintiff and other inmates. Not to create an easy comfortable work load for their officers.

30) The actions of the Defendants are not universal to the entire NCDPS. From the Plaintiffs knowledge other close custody facilities run outdoor activity.

31) From 2021 to 7-11-2022 the Defendants where deliberate indifferent to the Plaintiffs adverse physical and mental health effects by keeping inmates locked down 90 percent to 94 percent of their daily lives. With little to no exercise or the opportunity to see the sun and breathe fresh air. As a result the Plaintiff has had hightened anxiety and depression. And the Plaintiffs physical health has declined.

32) From 10-2021 to 7-11-2022 the Plaintiff was deprived of any outdoor activity 9 to 10 months straight. When there was feasable alternatives.

## INJURY

The Plaintiff has been injured in the following:
1) The Plaintiff has gained 12-15 pounds.
2) The Plaintiff has developed high blood pressure.
3) The Plaintiff has developed high cholesterol.
4) The Plaintiff has increased anxiety and depression.
5) The Plaintiffs live expectancy has decceased.
6) The Plaintiffs rights othemselves have been injured as he was subjected to inhumane conditions of confinement.

9

## PREVIOUSLY DISMISSED ACTIONS

The Plaintiff intends on proceeding pursuant 28 U.S.C. §1915. And discloses that he has (1) strike against him for failure to state a claim on Case No. 2:19-CV-00515-JMS-MJD.

## REQUEST FOR RELIEF

1) The Plaintiff is suing all the Defendants in their individual capacities.
2) The Plaintiff request a trial by Jury.
3) The Plaintiff seeks declaratory relief that the Defendants actions are unconstitutional.
4) The Plaintiff seeks compensatory damages in the amount of $100,000 USD.
5) The Plaintiff seeks Punitive Damages in the sum of $100,000 USD.
6) The Plaintiff seeks injunctive relief in the form that the Court orders the Defendants to perform outdoor exercise or Gym atleast (3) times a week. As long as weather conditions permitt. And that outdoor exercise be loged properly for over sight purposes.
7) The Plaintiff seeks $1 USD in nominal Damages.

Respectfully Submitted, *Oscar Perez*
Plaintiff

9/11/2022    Oscar Perez #1637767

## AFFIRMATION OF PLAINTIFF

I, Oscar Perez, the Plaintiff in the aforementioned complaint, do affirm that I have read all of the statements contained in this complaint and that I believe them to be true and correct to the best of my knowledge and belief.

Signed this September 11, 2022

*Oscar Perez*
Oscar Perez #1637767
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this September 12, 2022. I filed the foregoing amended complaint with the Clerk of the U.S. District Court Clerk, For The Western District of North Carolina, Statesville Division. By placing the foregoing in the prisoners mail box. Via U.S. Mail first class postage prepaid and properly addressed. To the following:

U.S. District Court Clerk
200 W. Broad St., Rm. 304
Statesville, NC. 28677

*Oscar Perez*
Oscar Perez #1637767
Alexander Corr. Institution