IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00076-MR

| | |
|---|---|
| OSCAR PEREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU HUNEYCUTT, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 17]. The Plaintiff has paid the full filing fee.

**I.  BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution, where he is presently incarcerated. [Doc. 1]. The Complaint passed initial review against Eighth Amendment claims against Defendant Huneycutt, Dye, and Duncan with regards to the conditions of his confinement, and the remaining claims were dismissed without prejudice. [Doc. 12]. The Court granted the Plaintiff the opportunity to amend, and the Amended Complaint is presently before the Court for initial review. [Doc. 17].

The Plaintiff again names FNU Huneycutt, FNU Dye, and FNU Duncan as Defendants, and he additionally names as a Defendant FNU Daves, a unit manager. [Id. at 1]. He asserts Eighth Amendment claims regarding the conditions of his confinement and his serious medical and psychological needs. [Id. at 2-3]. He claims the same injuries, and seeks the same relief that he previously requested. [Id. at 9-10].

## II. STANDARD OF REVIEW

Despite the Plaintiff's payment of the filing fee, the Court must conduct an initial review and identify and dismiss the Amended Complaint, or any portion of it, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Amended

Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Amended Complaint refers to inmates other than the Plaintiff. [See, e.g., Doc. 17 at 4]. However, as explained in the Order on initial review, the Plaintiff may not assert claims on behalf of others. [See Doc. 12 at 9-10]. Therefore, to the extent that he is attempting to do so, those claims are again dismissed.

The body of the Amended Complaint refers to individuals who are not named as Defendants. [See, e.g., Doc. 17 at 6 (referring to "medical staff" and "his psychologist")]. These claims cannot proceed. See generally Fed. R. Civ. P. 10(a) (requiring the title of the complaint to name all parties); see, e.g., Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against individuals not named as defendants in the caption as required by Rule 10(a)). Therefore, to the extent that the Plaintiff attempts to assert claims against individuals who are not Defendants, those claims are dismissed.

The Plaintiff again asserts that Defendants Honeycutt, Dye, and Duncan violated the Eighth Amendment with regards to the conditions of his

3

confinement, and he additionally asserts this claim against Defendant Daves. [Doc. 17 at 3-6]. Taking the Plaintiff's allegations as true for purposes of initial review and drawing all reasonable inferences in his favor, the conditions of confinement claims pass initial review against Defendants Honeycutt, Dye, Duncan, and Daves, in that such claims are not clearly frivolous. [See Doc. 12 at 4-5].

The Plaintiff again asserts Eighth Amendment claims for deliberate indifference to serious medical or psychological needs against Defendants Honeycutt, Dye, Duncan, and he additionally asserts them against Defendant Daves. [Doc. 17 at 6-10]. Taking the Plaintiff's allegations as true for purposes of initial review and drawing all reasonable inferences in his favor, his deliberate indifference claims now pass initial review against Defendants Honeycutt, Dye, Duncan, and Daves, in that such claims are not clearly frivolous.

## IV. CONCLUSION

In sum, the Amended Complaint [Doc. 17] passes initial review on the Plaintiff's Eighth Amendment claims against Defendants Huneycutt, Dye, Duncan, and Daves as described in this Order. The remaining claims are dismissed without prejudice.

4

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 17] passes initial review on the Plaintiff's Eighth Amendment claims against Defendants Huneycutt, Dye, Duncan and Daves.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Honeycutt, Dye, Duncan, and Daves, who are alleged to be current or former employees of the North Carolina Department of Public Safety.

**IT IS SO ORDERED.**

Signed: January 16, 2023

Martin Reidinger
Chief United States District Judge