IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00076-MR

| | | |
|---|---|---|
| OSCAR PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU HUNEYCUTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Adult Correction's (NCDAC) sealed Notice [Doc. 23] regarding the Court's Request for Waivers of Service [see Doc. 20].

The pro se Plaintiff brought this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. The Amended Complaint passed initial review against Defendants Ronnie Lane Huneycutt,[1] Eric Dye,[2] Jeffrey Duncan,[3] and Darren Daves.[4] [Doc. 19]. A service waiver has been filed for Defendants

---

[1] "Warden Honeycutt" in the Amended Complaint.

[2] "Deputy Warden Dye" in the Amended Complaint.

[3] "Deputy Warden Duncan" in the Amended Complaint.

[4] "Green Unit Manager Daves" in the Amended Complaint.

Huneycutt, Duncan, and Daves. [Doc. 22]. NCDAC was unable to waive service for Defendant Dye, who is longer employed at NCDAC. [Doc. 23]. NCDAC has provided Defendant Dye's last known address under seal. [Id.].

The Clerk will be directed to notify the U.S. Marshal that Defendant Dye needs to be served with the summons and Amended Complaint in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendant Dye cannot be served at the address provided by NCDAC, the U.S. Marshal shall be responsible for locating his home address so that he may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915….").

If the U.S. Marshal is unable to obtain service on Defendant Dye, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose the Defendant's home address to the pro se Plaintiff, and shall file any document containing such address under seal.

2

Case 5:22-cv-00076-MR   Document 24   Filed 04/26/23   Page 2 of 3

The Clerk of Court will be instructed to update the Court file with the Defendants' correct names as reflected in this Order.

**IT IS, THEREFORE, ORDERED** that the U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendant Eric Dye. If the U.S. Marshal is unable to obtain service on this Defendant, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

**IT IS FURTHER ORDERED** that the Clerk is respectfully instructed to mail a copy of the Amended Complaint [Doc. 17], the Sealed Notice [Doc. 23], and this Order to the U.S. Marshal, and to substitute Ronnie Lane Huneycutt for "FNU Honeycutt," Eric Dye for "FNU Dye," Jeffrey Duncan for "FNU Duncan," and Darren Daves for "FNU Daves" in the Court's records.

**IT IS SO ORDERED.**

Signed: April 25, 2023

Martin Reidinger
Chief United States District Judge